IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DONELL WILLIAMS, #1129379 | § | |
| VS. | § | CIVIL ACTION NO. 9:05cv79 |
| JOHNNY MASON | § | |

ORDER OF DISMISSAL

    Plaintiff Donell Williams, an inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge Harry W. McKee, who issued a Report and Recommendation concluding that the case should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff has filed objections to the Report and Recommendation.

    The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the plaintiff, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections by the plaintiff are without merit.

    The plaintiff alleged that the defendant was deliberately indifferent to his serious dental needs. The dental records reveal that the plaintiff was examined by Dr. Mason on August 3, 2004. The plaintiff wanted a tooth pulled and top and bottom plates. Dr. Mason noted that the plaintiff had only three teeth remaining (numbers 26, 27 and 29), which were badly decayed. He thought that the

extraction of these teeth would help the plaintiff's ability to chew. He scheduled the plaintiff for extraction of his remaining teeth. He noted that the plaintiff appeared healthy and that there was not a medical necessity for making a prosthesis.

The next entry is dated December 21, 2004. The remaining teeth were extracted. The plaintiff was given a prescription for Ibuprofen 600 mg. for ten days. On December 23, 2004, the plaintiff was given a follow-up examination by Dr. Mason. Dr. Mason noted that the plaintiff was healing normally and that further treatment was unnecessary.

The institution's Dental Services Manual states at Section E-36.4:

Patients whose prosthetics needs are judged to be medically necessary should be initiated. To be considered medically necessary will require a statement from the patient's physician or Specialty Service (oral surgery, EENT, plastic or other service) describing the medical need, a statement from the treating dentist regarding concurrence with the request, the proposed plan of care and approval from the Dental Utilization Quality Review Committee.

Plaintiff's records do not include a statement of medical necessity in his medical or dental records. The medical records reveal that the plaintiff's weight was 175 pounds when he entered the system and that he gained 25 pounds. Dr. Shamblin, whose affidavit was submitted, stated that a weight gain is inconsistent with a medical necessity for dental prosthetics. He concluded his affidavit by specifying that Dr. Mason acted according to policy in denying dental prosthetics to the plaintiff.

The facts as alleged and developed by a *Martinez* Report[1] reveal that the plaintiff was provided dental care. The defendant was responsive to his medical needs, although he concluded that the plaintiff did not need dentures. The medical records reveal that there was no medical

---

[1] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (cited with approval by the Fifth Circuit in *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986)). *See also Norton v. Dimazana*, 122 F.3d 286 (5th Cir. 1997).

necessity for false teeth and that the plaintiff has not been harmed due to a lack of dentures. The plaintiff's objections complaining that he needs dentures does not support a conclusion that the defendant was deliberately indifferent. The plaintiff has not shown that the conclusions contained in the Report and Recommendation were incorrect and should be rejected. Therefore the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the cause of action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). It is further

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **15** day of **August, 2005.**

_____
Ron Clark, United States District Judge